## TALIAFERRO et al. v. WARREN et ux.
### No. 1142.

Court of Civil Appeals of Texas. Waco.
Dec. 31, 1931.

Rehearing Denied Jan. 21, 1932.

See also 30 S.W.(2d) 393.

E. M. Mann, of Wichita Falls, for appellants.

Truman Warren and T. B. Ramey, Jr., both of Tyler, for appellees.

BARCUS, J.

In 1925, the city of Tyler made a contract with appellants to lay several hundred thousand dollars worth of paving. Appellees owned a considerable amount of property in said city that was paved under and by virtue of said contract. Under the paving contract which appellants made with the city, the individual owners of property were required to pay the paving assessments against each tract upon its completion and acceptance by the city, as follows: One-sixth within thirty days, and the remainder in five equal annual payments with 8 per cent. interest; or, by paying all cash within thirty days, they were entitled to a 5 per cent. discount. The contract further provided that upon its completion and acceptance of any portion of the paving the city would issue to appellants paving certificates, said certificates, however, to be prepared and presented by appellants to the city for execution. On August 24, 1925, the city passed an ordinance declaring that the paving on East Front and South Fannin streets owned by appellees had been completed and accepted, but it did not issue to appellants any paving certificates therefor. Appellants notified appellees that said paving had been completed and accepted, and about October 1st appellees went to appellants' office for the purpose of paying for said paving in cash, and thereby save the 5 per cent. discount. They made the initial cash payment and offered to pay the remaining five-sixths provided appellants would cancel, surrender, and release the paving certificates. Miss Bean, the bookkeeper in charge of appellants' office, told appellees that the city had not issued the paving certificates, and that they could not therefore at that time release, cancel, or surrender same. Appellees then requested Miss Bean to notify them as soon as the certificates were issued, and that they would immediately pay same in cash. Appellants did not notify appellees when the paving certificates were issued, nor thereafter request them to pay same. When said paving certificates were issued, appellants sold same and put them beyond their power to cancel or release them. About November 3, 1925, some additional paving of appellees was completed, and they went to the office of appellants and tendered payment thereof, less the amount of discount they claim they were entitled to on the certificates issued on the property on East Front and South Fannin streets. Appellees' contention being that, since they had tendered the payment of said paving certificates within the time provided under the contract for them to obtain the discount, appellants were liable to them for said discount, since they and their property were liable for the full amount thereof. Appellants refused to accept the amount tendered, and this suit was instituted to recover the amount due on the certificates, including interest and attorney's fees, for the paving of appellees' property situated on West Houston street. Appellees tendered into court the original amount due on said paving certificates, less said claimed discount. At the conclusion of the testimony, the trial court instructed the jury to return a verdict for appellants for the amount tendered by appellees into court.

■ Appellants complain of the action of the trial court in giving a peremptory instruction to the jury to return a verdict in favor of appellees. The rule is well settled that the trial court is not justified in giving a peremptory instruction if the evidence in its most favorable light would authorize a jury to return a different verdict. It therefore becomes necessary for us to determine whether under any phase of the record, viewing it in the most favorable light to appellants, they could have recovered.

■ Appellants present for review a number of assignments of error. Their first general contention being that the trial court should have instructed a verdict in their favor. Their other general contention being that, if they were not entitled to the peremptory instruction, certain issues should have been submitted to the jury. Unquestionably, as shown by the record, appellees did not tender pay-

ment for the paving on East Front and South Fannin streets within the thirty days after the city council of Tyler passed the ordinance acknowledging the completion and acceptance of said paving. Appellee J. R. Warren, who attended to the entire matter, testified in effect that Miss Bean, the bookkeeper and the person in charge of the collection of paving lien money for appellants, agreed with him that appellants would extend the time of paying said assessment and allow the same to be paid with the discount when said certificates were issued, and that she agreed to notify him thereof as soon as certificates were so issued. This agreement was denied by Miss Bean, and in addition a question of fact arose as to whether Miss Bean had the authority to make said contract. We think there was no error in the action of the trial court in refusing to grant appellants' request for peremptory instruction. We think, however, that it was error for the trial court to instruct a verdict for appellees. Since appellees did not tender payment of the amount due on said paving, less the discount, within the thirty days allowed by the contract, it devolved upon them to prove a binding valid contract on the part of appellants to extend said time of payment.

The judgment of the trial court is reversed, and the cause remanded.